## JACOB CHERCKJIAN ET AL., PROSECUTORS, v. BOROUGH OF WOODRIDGE, DEFENDANT.

Submitted October 16, 1931—Decided March 2, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutors, *Luce & Kipp.*

For the defendant, *Stanton T. Lawrence.*

PER CURIAM.

These cases seek to review the legality and the fairness of assessments for benefits arising from the paving of four streets, namely Fifth street, Eleventh street, Union avenue and Garden street, in the borough of Woodridge. The same questions are raised in all of the cases, except that with respect to No. 256 (Garden street appeal), no complaint is made that the report of the commissioners followed so shortly after the time fixed for hearing that it was physically impossible for the commissioners of assessment to have made the review of the work between the date of hearing and the date of the report of the assessment, which in every instance was upon the day following the date of the hearing.

The general criticism of the assessments is that the report was never properly confirmed by the governing body of the municipality. The dates upon which the reports are asserted to have been confirmed are March 12th in No. 256, April 9th in No. 253, and August 13th in Nos. 254 and 255. It is likewise asserted that the ordinances did not authorize

the including in the assessment of benefits the costs of any new curbs and gutters, because it is claimed that the ordinance does not provide for any curbs and gutters. It is further contended that the assessment is unfair because it was not within the necessary or fair scope of the work which was being provided for.

It seems to us as to the legal objections, if they have any validity, the prosecutors are without standing because they have allowed approximately a year to elapse since the alleged confirmation of the assessment before the writ of *certiorari* was asked for and allowed. Under *Graham* v. *Ocean City,* 98 *N. J. L.* 426, and other cases in this court and the Court of Errors and Appeals, a complaining property owner must act with due diligence. Further, it does not satisfactorily appear that no confirmation was made.

It seems, further, that these prosecutors are without standing because, under the act, the property owners have an appeal to the Circuit Court to test the fairness of the assessment, and it seems to us that this case comes within that class of cases which must be dealt with on appeal. *Graham* v. *Ocean City, supra; Breakenridge et al.* v. *Newark,* 94 *N. J. L.* 361; *Burstiner* v. *East Orange,* 4 *N. J. Mis. R.* 280; *affirmed,* 103 *N. J. L.* 174.

In view of the statute (*Pamph. L.* 1921, *p.* 15), which requires a *certiorari* to be allowed or granted within thirty days from the date of confirmation of the assessment, it is difficult to know upon what theory these prosecutors can have any standing. In each case months elapsed after the alleged confirmation before the writ of *certiorari* was allowed. For this reason the writs should be dismissed. *DeMarmon* v. *Roselle,* 8 *N. J. Mis. R.* 904.

In all of these cases the writs of *certiorari* are dismissed, with costs.